**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SAMUEL MONDRAGON-GARCIA, 1111266, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-2288-D |
| | ) | (Consolidated with |
| | ) |     3:07-CV-20-D) |
| | ) | ECF |
| NATHANIEL QUARTERMAN, | ) | |
| Director TDCJ-CID, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.**     **NATURE OF THE CASE**

Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**II.**     **PARTIES**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-CID"). Respondent Nathaniel Quarterman is Director of the TDCJ-CID.

## III. PROCEDURAL BACKGROUND

On June 26, 2002, Petitioner was found guilty of murder and was sentenced to thirty-five years imprisonment. *State of Texas v. Samuel Mondragon-Garcia*, No. F-0175020-HP (203rd Dist. Ct., Dallas County, Tex., June 26, 2002). On January 15, 2004, the Eleventh District Court of Appeals affirmed Petitioner's conviction. *Mondragon-Garcia v. State*, 129 S.W.3d 674 (Tex. App.– Eastland 2004). On September 29, 2004, the Court of Criminal Appeals denied Petitioner's petition for discretionary review. *Mondragon-Garcia v. State*, PDR No. 297-04.

On June 10, 2005, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Mondragon-Garcia*, Application No. 63,548-01. On January 11, 2006, the Texas Court of Criminal Appeals denied the petition. *Id*. at cover. On March 29, 2006, Petitioner filed his second state application for habeas relief. *Ex parte Mondragon-Garcia*, Application No. 63,548-02. On September 13, 2006, the Texas Court of Appeals dismissed the petition as successive.

On October 18, 2006, Petitioner filed a federal petition for writ of habeas corpus. On September 20, 2006, Petitioner filed a second federal habeas petition. On March 5, 2007, these petitions were consolidated. Petitioner argues: (1) his rights under the Vienna Convention were violated; (2) his trial counsel provided ineffective assistance of counsel because he did not understand the Vienna Convention requirements; (3) the prosecutor mischaracterized the evidence in closing remarks; (4) he was not timely taken before a magistrate; (5) the evidence is factually insufficient to support the conviction under the Texas Constitution; (6) the trial court erred in failing to instruct the jury on possession during voir dire; (7) the trial court erred in failing to instruct the jury on extraneous offenses; (8) two venire members were improperly excluded; and (9) the trial court erred in denying a motion to suppress.

## IV. FACTUAL BACKGROUND

The Eleventh District Court of Appeals recited the following factual background in its opinion on direct appeal:

> The record shows that the victim was shot six times at close range in a small men's restroom at a bar. The victim had been shot by someone standing in or near the doorway leading from the bar into the restroom. Although there were no eyewitnesses who came forward, appellant subsequently confessed to the shooting. Appellant signed two voluntary statements. In the first one, appellant stated that, shortly prior to the shooting, he and the victim had had (sic) an argument after appellant told the victim he did not have any cocaine. Appellant stated that the victim followed appellant outside and, from a car, showed appellant what appellant thought was a gun. The victim then put it back into the car and walked toward appellant. With "his hand on his waist like telling [appellant] that he had a gun," the victim told appellant "that he was going to pay for it." The victim went back inside, and appellant followed. At some point, appellant was going to go into the men's restroom, but he decided not to because the victim "was going to follow" appellant. Subsequently, the victim went into the men's restroom. Appellant entered the men's restroom while the victim was in there. Appellant stated that the victim was leaning against the wall and made a motion "like he was bringing out a gun."
>
> According to appellant, that is when he shot the victim, "more than two times." Appellant also stated that he knew the victim by sight because a member of the victim's family had killed appellant's brother-in-law at the same club in the same restroom in 1995. In his second statement, appellant stated that the victim followed appellant outside two times and that the victim told appellant twice that he was going to kill appellant. Appellant stated he shot the victim because he was scared that the victim was going to kill him. He also stated that he shot the victim "three times" and that he got the gun from a friend. The weapon found in the motel room that had been occupied by appellant was positively identified as the murder weapon. No weapons were found on or near the victim.

*Mondragon-Garcia v. State*, 129 S.W.3d at 679-80.

## V. DISCUSSION

### A. Procedural Bar

Respondent argues that all of Petitioner's claims, except claim five (that the evidence was factually insufficient), are procedurally barred. Federal courts may not review a state court

decision that rests on an adequate and independent state procedural default, unless the habeas petitioner shows cause for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989).

In this case, Petitioner failed to raise claims six (trial court erred in failing to instruct the jury on possession), seven (trial court erred in failing to instruct jury on extraneous offenses) and eight (two venire members were improperly excluded) on direct appeal. On state habeas review, the court held that these claims were therefore procedurally barred. Petitioner also did not raise claims one (Vienna Convention claims) and two (ineffective assistance of counsel claims) until his second state habeas petition. The Court of Criminal Appeals dismissed Petitioner's second habeas petition as a subsequent application. The court therefore relied upon a procedural bar to deny Petitioner's application. When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *Id*; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).

To overcome the procedural bar, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider his claims will result in a fundamental miscarriage of justice." *Id*. at 524. In this case, Petitioner has shown no cause for the procedural default. He has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). To establish the required probability that he was actually innocent, a petitioner must support his allegations with

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 4**

new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

Petitioner, however, did raise claims three (prosecutorial misconduct), four (not timely taken before a magistrate judge) and five (factual insufficiency) on state habeas review. Although the court denied these claims, it did not rely on a procedural default. Further, claim number nine (trial court erred in denying motion to dismiss) is not procedurally defaulted. Although Petitioner did not raise this claim on state habeas review, he did raise the claim on direct appeal and in his petition for discretionary review. The Court will therefore consider the merits of these claims.

### B. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254, provide:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *See Williams*, 529 U.S. at 307.

This amendment applies to all federal habeas corpus petitions which were filed after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2049, 138 L. Ed. 2d 481 (1997). The petition in this case is subject to review under the AEDPA.

**C. Prosecutorial Misconduct**

Petitioner argues the prosecutor mischaracterized the evidence in his closing arguments. Prosecutorial misconduct implicates due process concerns. *Foy v. Donnelly*, 959 F.2d 1307, 1316 (5th Cir. 1992). When a petitioner asserts a due process violation, the Court must determine whether the prosecutorial comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). In the habeas context, the appropriate review for such allegations is "the narrow one of due process, and not the broad exercise of supervisory power." *Id.* (quoting *Donnelly,* 416 U.S. at 642).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 6**

In federal habeas actions, improper jury argument by the state does not present a claim of constitutional magnitude unless it is so prejudicial that the petitioner's state court trial was rendered fundamentally unfair within the meaning of the Fourteenth Amendment's Due Process Clause. To establish that a prosecutor's remarks are so inflammatory as to prejudice the substantial rights of a defendant, the petitioner must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that, in probability, but for the remarks no conviction would have occurred. *Felde v. Blackburn*, 795 F.2d 400, 403 (5th Cir. 1986) (citations omitted).

In this case, Petitioner argues the prosecutor mischaracterized the evidence by arguing that Petitioner ran from federal agents because he was guilty of murder. Petitioner argues he ran from the agents because he was in the United States illegally. Petitioner cites to the prosecutor's closing statements as follows:

> . . . And, when Special Agent Moya calls him and says, Samuel, this is Santiago. And, then he says, well, I am from the FBI, I want you to come out. What does the Defendant do? You know he leaves the hotel room where the gun is, he steps out in his bikini briefs, in his underwear and he starts to run. Is that something that you would think would happen in an ordinary self-defense case? Is that the way somebody who really had to take his life in an extreme emergency would do? Of course not.

(Trial Tr. Vol. 5 at 15-16).

An assertion of what the prosecutor believes the evidence has shown, however, is not misconduct. *Ortega v. McCotter*, 808 F.2d 406, 410 (5th Cir. 1987). Petitioner has failed to show that these comments rendered his trial fundamentally unfair. His claim should be denied.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 7**

### D. Motion to Suppress

Petitioner argues the trial court committed error when it denied his motion to suppress the murder weapon. The record shows that FBI agents located Petitioner at a motel. Petitioner was already under surveillance by federal immigration agents. FBI agent Moya telephoned Petitioner's room, explained that he was with the FBI, and asked Petitioner if would come out to talk. Petitioner opened the motel room door and took off running. When he fled, Petitioner left the motel room door open. When agents caught up to Petitioner, he admitted that there were drugs and a gun in the motel room. It does not appear however, that Petitioner consented to a search of the motel room. The drugs were located in plain view, but the gun was found underneath a mattress.

The state appellate court found that the motion to suppress was properly denied because Petitioner had abandoned the gun. Under *Katz v. United States*, 389 U.S. 347, 361 (1967), a warrantless search is unlawful if there was a reasonable expectation of privacy in the object searched. There is no reasonable expectation of privacy, however, in an item that has been abandoned. *Abel v. United States*, 362 U.S. 217, 241 (1960); *United States v. Colbert*, 474 F.2d 174, 176 (5th Cir. 1973) (en banc). To determine when an object has been abandoned, the court looks at a Petitioner's intent which, "may be inferred from words spoken, acts done, and other objective facts." *United States v. Barlow*, 17 F.3d 85, 88 (5th Cir. 1994) (quoting *Colbert*, 474 F.2d at 176). Further, "[t]he legal presence of the police for investigatory purposes or pursuit does not render an abandonment involuntary . . . . [A] lawful arrest does not amount to such compulsion so as to render an otherwise voluntary abandonment involuntary." *United States v.*

*Quiroz-Hernandez*, 48 F.3d 858, 864 (5th Cir. 1995), (citing *United States v. Alvarez*, 6 F.3d 287, 289 (5th Cir. 1993)).

In this case, the Court finds the state court's determination that the gun was abandoned was not unreasonable. Petitioner fled the scene, and left the door to the motel room open. It is unlikely that Petitioner intended to return to the motel room. Petitioner's claim should be denied.

### E. State Law Claims

Petitioner raises two state law claims. He argues: (1) the evidence was factually insufficient to support the conviction under the Texas Constitution; and (2) he was not timely taken before a magistrate judge under the Texas Rules of Criminal Procedure. Factual insufficiency of the evidence is a creation of Texas law whereby the reviewing court scrutinizes the factfinder's weighing of the evidence. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). Factual insufficiency of the evidence does not provide an independent basis for federal habeas relief. Further, an alleged violation of the Texas Rules of Criminal Procedure does not provide a basis for habeas relief. Federal habeas corpus relief is available only for the vindication of rights existing under federal law. *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986); *see also*, *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995) (finding it is not the function of federal habeas courts to review the interpretation of state law by a state court). Petitioner's state law claims should therefore be denied.

### F. Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not

contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice.

Signed this 22nd day of August, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).